UNITED STATES DISTRICT COURT                                                        b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION 1:18-CV-00603 |
|---|---|
| VERSUS | JUDGE DRELL |
| LANA THOMAS JUNEAU, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

The United States of America for the Farmers Home Administration ("FHA"), now known as the Farm Service Agency ("FSA") of the United States Department of Agriculture, filed this action against Defendants Lana Elizabeth Thomas Juneau and the Unopened Succession of her deceased husband, Douglas J. Juneau, to recover outstanding balances owed on 1999 and 2002 promissory notes made payable to the FSA by Defendants. The promissory notes are secured by mortgages on Defendants' farm property in Avoyelles Parish, Louisiana, and payment on the Notes is secured by a 2002 Real Estate Deed of Trust for Mississippi. The USA contends that, because Defendants are in default of payments on the Notes, maturity of the Notes was accelerated and the entire unpaid principal and interest is now due. For relief, the USA asks for judgment *in rem* only and sale of the property at public action, without appraisal.

Summonses were issued for Lana Juneau and the "Unopened Succession of Douglas Juneau" (Doc. 3).

The USA filed a Motion for Appointment of Curator *ad hoc* to represent the "unopened succession" of Douglas J. Juneau (Doc. 2), and amended that motion (Doc. 8). The USA also filed a Motion for Service of Process on Defendants by the United States Marshal's Service ("USMS") (Doc. 6), and amended that motion (Doc. 7).

### A. The USA's Motion for Appointment of a representative for Douglas Juneau's estate is granted.

The USA alleges that Douglas Juneau's succession is unopened and, therefore, a curator should be appointed. The USA filed the affidavit of an alleged long-time friend of the deceased to show Douglas Juneau's succession was never "opened," and that he has heirs.

In Louisiana, a decedent's succession is a separate and distinct legal entity. For this reason, a suit against a succession can only be brought against a succession representative. See Marcotte v. State Farm Mut. Auto. Ins. Co., 1996 WL 169228, at *1 (E.D. La. 1996) (citing Holland v. Unopened Succession of Holland, 562 So. 2d 1022, 1024 (La. App. 3d Cir. 1990), writ den., 566 So. 2d 399 (La. 1990)); see also State of Louisiana v. Estate of Giles Davis, 572 So.2d 39, 42 (La. 1991) ("The proper party defendant in a suit against a succession is a succession representative."). The succession itself, or the "estate," are not proper party defendants. See Adams v. Ford Motor Co., CIV.A. 12-2168, 2012 WL 5877957, at *3 (W.D. La. Nov. 20, 2012). Louisiana law does not allow an action against a succession for which no representative has been appointed. See Marcotte v. State Farm Mut. Auto. Ins. Co., CIV. A. 96-359, 1996 WL 169228, at *1 (E.D. La. Apr. 10, 1996).

La. C. Civ. P. art. 5091 provides: "A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when: …(2) The action of proceeding is in rem and: …(a) The defendant is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession judicially."

The USA has stated that it will bear all costs of the appointed representative for purposes of this action. Therefore,

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel to represent the estate of Douglas Juneau (Docs. 2, 8) **is GRANTED**. **Attorney Fred A. Pharis** is appointed to represent the estate of Douglas J. Juneau for purposes of this *in rem* foreclosure action.

IT IS FURTHER **ORDERED** that the costs of representation shall be borne by the USA as directed by the Court.

B. USA's Motion for Service of Process by the USMS is granted.

The USA also filed a Motion for Service of Process on Defendants by the USMS pursuant to Fed. R. Civ. P. rule 4(c)(3) (Docs. 6, 7).

The USA provided a Mississippi address for Defendant Lana Juneau. Therefore, Lana Juneau must be served pursuant to Louisiana law for service on out-of-state residents, La. R.S. 13:3201 and 13:3204. See Fed. R. Civ. P. rule 4(e)(1) and (k)(1)(A).

Plaintiff's Motion for Service of Process on Defendants by the USMS **is GRANTED.**

The United States Marshal's Service **is ORDERED** to personally serve process on Lana Juneau at the address provided by the USA.

The United States Marshal's Service **is also ORDERED** to personally serve process on Attorney Fred A. Pharis as the representative of Douglas J. Juneau's estate. The address for Mr. Pharis shall be provided to the USMS by the Clerk of Court.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __6th__ day of July, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge